**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WENDELL L. LEE,**

    **Plaintiff,**

v.                                      **Case No.  8:08-cv-1498-T-23AEP**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Wendell L. Lee seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments.[1]  In conjunction with his appeal, Plaintiff also filed a "Motion to Verify Mental Health Prescriptions and Mental Health Treatment" (Dkt. No. 31), which the Court liberally construes as a Motion for Remand pursuant to Sentence Six of 42 U.S.C. § 405(g).[2]  For the reasons set out herein, the undersigned recommends that Plaintiff's Motion be denied and that the Commissioner's decision be affirmed.

**I.  Factual Background.**

Plaintiff was thirty-eight years of age at the time of his administrative hearing on August 28, 2007.  (Tr. 346.)  He stands 5'4" tall and weighs approximately 190 pounds.  (Tr. 289.)  Plaintiff did not finish high school, but he obtained a GED and is able to communicate in English.

---

[1]  This matter comes before the undersigned pursuant to the Standing Order of this Court dated August 11, 2009.  (Dkt. No. 22.)  *See also* Local Rule 6.01(c)(21).

[2]  The Court notes that Plaintiff proceeded *pro se* in his appeal after his attorney withdrew from representation on September 2, 2009 (Dkt. No. 23).

(Tr. 63, 347, 369.) His past employment history includes working in the fast food industry. (Tr. 65.) On May 5, 2003, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning June 1, 1990, claiming back and neck pain due to a congenital neck deformity.[3] (Tr. 18, 27A.) The Plaintiff's applications were denied originally and on reconsideration. (Tr. 27-29, 33-36, 38-40.) Thereafter Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 179.)

At the administrative hearing held before the ALJ on August 28, 2007, Plaintiff was represented by Ms. Karen W. Hardcastle (a non-attorney representative) and testified in his own behalf. (Tr. 339-377). In essence, Plaintiff testified that he is unable to work due to his congenital neck deformity which causes pain in his neck and back, and because of his mental problems which cause him to hear voices. (Tr. 341-369.)

Before the ALJ were medical records outlining Plaintiff's medical history. By his decision of March 28, 2008, the ALJ determined that Plaintiff suffered from a medically determinable impairment related to his congenital neck deformity, but that the impairment was not severe. (Tr. 20.) Because the ALJ found that Plaintiff did not have a severe impairment or combination of impairments that significantly limited Plaintiff's ability to perform basic work activities, the ALJ found Plaintiff not disabled. (Tr. 24.)

---

[3] Plaintiff apparently filed for Disabled Adult Child benefits based on his mother as the wage earner. (Tr. 18, 333, 341-42.) The Social Security Administration makes the disability decision in such a case using the disability rules for adults.

The Appeals Council denied Plaintiff's request for review (Tr. 11-14) and Plaintiff subsequently filed the instant action appealing the decision of the Commissioner (Dkt. No. 1). During the course of the appeal Plaintiff filed a "Motion to Verify Mental Health Prescriptions and Mental Health Treatment." (Dkt. No. 31.) By his Motion Plaintiff asks the Court to take notice of newly acquired evidence showing that Plaintiff has been prescribed medication for his mental impairments. (*Id.*) Because Plaintiff is essentially asking the Court to consider new evidence not previously submitted at the administrative level, the Court liberally construes Plaintiff's Motion as a Motion for Remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

## II.     Standard of Review.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400

(11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[4] Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Under sentence six of 42 U.S.C. § 405(g), a court may remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). By this standard, to demonstrate that a remand for consideration of new evidence is appropriate, the Plaintiff must demonstrate that: (1) there is new, non-cumulative evidence; (2) the evidence is material, i.e., relevant and probative such that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the applicant's failure to submit the evidence at the appropriate administrative level. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

### III.    Discussion and Analysis Regarding Plaintiff's Motion for Remand.

Plaintiff filed a "Motion to Verify Mental Health Prescriptions and Mental Health Treatment" (Dkt. No. 31) which the Court construes as a Motion for Remand pursuant to Sentence Six of 42 U.S.C. § 405(g). Plaintiff submits evidence of prescriptions for Geodon and Lexapro he received from Dr. O'Bryan from Merdian Behavioral Health Care on March 24, 2010. (Dkt. No. 31.) Plaintiff claims he has been diagnosed with several mental health disorders and argues that this rebuts the ALJ's decision stating that Plaintiff is malingering. (*Id.*)

Upon careful consideration of the evidence presented, the Court concludes that while the evidence submitted may be new, it is not material, and therefore, for the reasons discussed below, a remand is not warranted.

### A.     Whether the Evidence Is "New."

A sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). The Court finds that the evidence submitted by Plaintiff is new because it was not considered by the ALJ or the Appeals Council and is generally non-cumulative. Specifically, the Plaintiff submits evidences showing he was prescribed Geodon and Lexapro in March 2010. The Court notes Plaintiff was prescribed medication (including Effexor, Risperdal, Seroquel, and Prozac) for his alleged mental impairments of depression and schizophrenia from 2005 to 2007. (*See, e.g.*, Tr. 234, 242, 263, 279, 281, 291-296, 319, 320.) While the prescriptions for Geodon and Lexapro arguably were prescribed for the same alleged mental impairments, and could be considered as cumulative, the Court gives Plaintiff the benefit of the doubt as to this prong and will assume the evidence is new for the sake of argument.

### B.     Whether Plaintiff Has Shown "Good Cause."

The ALJ rendered his decision denying Plaintiff disability benefits and Supplemental Security Income on March 28, 2008. (Tr. 25.) The Appeals Council denied review of the ALJ's decision on May 30, 2008. (Tr. 11.) Plaintiff's prescription is from March 2010. The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir.1987). The good cause requirement was designed to prevent claimants from attempting to withhold evidence with the idea of 'obtaining another bite of the apple' if the Commissioner decided that the claimant was not disabled. *Milano*, 809 F.2d at 767 (citations

6

omitted). Additionally, it was designed to avoid the danger of encouraging claimants to seek after-acquired evidence who might use such evidence as an unsanctioned 'backdoor' means of appeal. *Id.*

Plaintiff's prescription information from March 2010 obviously could not have been submitted to the Appeals Council before it reached its decision. Plaintiff alleges in his Motion that he "sees a doctor monthly and is still undergoing mental health treatment for his mental health conditions." (Dkt. No. 31.) Although Plaintiff claims he has been seeing a doctor monthly, Plaintiff submits no earlier records between the time of the Appeals Council's decision in May 2008 to his recent prescription from March 2010. Thus, the Court is concerned that Plaintiff may be attempting to seek after-acquired evidence as an unsanctioned 'backdoor' means of appeal. *Milano*, 809 F.2d at 767. Giving Plaintiff the benefit of the doubt as to this prong also however, the Court will assume Plaintiff has good cause for the submission of the March 2010 prescription information.

### C.     Whether the Evidence is "Material."

The Court next addresses whether the evidence offered by Plaintiff is material. To be material, the evidence must relate back to the original alleged onset date of disability, or at least must relate to the disabilities litigated administratively. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988). In other words, the evidence must be relevant to a condition existing prior to the final decision by the Appeals Council. *See Austin v. Astrue*, No. 5:07cv52, 2008 WL 2385520, at *15 (N.D. Fla. June 9, 2008) (*citing Thomas v. Sullivan*, 928 F.2d 255, 260-61 (8th Cir. 1991)).

The Court finds that the March 2010 prescription information reflecting that Plaintiff has arguably been diagnosed with a mental impairment is not material. There is no reasonable possibility that this evidence would change the administrative outcome, the test for materiality. *See Falge v. Apfel*, 150 F.3d at 1323. Plaintiff merely submits that he was placed on prescription medication (Lexapro and Geodon) by Dr. O'Bryan from Meridian Behavioral Health Care. (Dkt. No. 31.) Plaintiff also contends that the prescription rebuts the ALJ's finding that he was malingering. (*Id.*)

The Court does not agree with Plaintiff on these points. The evidence arguably suggests Plaintiff has been diagnosed by another physician that he suffers from a mental impairment, but there is no evidence indicating how the alleged mental impairments might have affected Plaintiff's ability to work during the relevant time period, i.e., the time prior to the Appeals Council's decision denying review. Additionally, the Court is not persuaded that a diagnosis alone commands a finding that the impairment significantly limits an individual's mental ability to do basic work activities. Indeed, a diagnosis or a mere showing of "a deviation from purely medical standards of bodily perfection or normality" is insufficient; instead, the Plaintiff must show the effect of the impairment on his ability to work. *Wind v. Barnhart*, 133 Fed. Appx. 684, 690 (11th Cir. 2005) (*quoting McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)).

Here, the evidence is lacking because it fails to relate back to the relevant time period—the time prior to the Appeals Council's decision. The Court refuses to speculate that a prescription received in 2010 necessarily implies that Plaintiff suffered from the same condition in 2008. Plaintiff submits no objective medical evidence suggesting this is the case. Second,

even assuming that Plaintiff had a mental impairment during the relevant time period which required an identical prescription as the one now submitted by Plaintiff, the evidence still lacks any probative value as to how it affected Plaintiff's mental ability to perform basic work activities. For example, if Plaintiff's mental impairment could have been controlled by medication, then Plaintiff could potentially still perform work. The evidence submitted by Plaintiff simply fails to shed any light as to whether Plaintiff's mental condition prior to the Appeals Council's decision was in fact disabling or significantly limited his ability to do work. It is Plaintiff's burden to present evidence of any claimed impairment or any combination of impairments. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

Plaintiff's only other contention, that the prescription information from March 2010 shows he was not malingering, is also without merit. As explained below in Section IV, the ALJ had substantial evidence from multiple sources indicating that Plaintiff was malingering as to both his physical and mental conditions. (Tr. 22, 108, 111, 118, 313, 314.) The Court finds that the evidence submitted would be afforded little weight in light of the other evidence of record recited by the ALJ. Therefore, the Court finds that Plaintiff's prescription information from March 2010, submitted nearly two years after the Appeals Council's decision denying review of the ALJ's decision, is not material because there is not a reasonable possibility that the administrative result would change if that evidence were allowed to be considered on remand. Accordingly, the undersigned recommends that Plaintiff's Motion for Remand (as construed) be denied.

### IV.     Discussion and Analysis Regarding Plaintiff's Appeal.

Plaintiff raises a single general issue with respect to his appeal. Specifically, Plaintiff contends that the Commissioner erred because "there is no competent, substantial evidence to support the Social Security Administrations finding that [he] is not disabled." (Dkt. No. 26 at 2.) First, the Court notes that Plaintiff fails to comply with the Court's scheduling Order (Dkt. No. 19) requiring him to identify with particularity the discrete grounds upon which the administrative decision is being challenged. Additionally, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th 1998). However, in light of Plaintiff's *pro se* status, the Court has examined the record to determine whether the Commissioner's decision is supported by substantial evidence. For the reasons explained below, the Court finds the ALJ's decision is not in err and is supported by substantial evidence.

### A.     Whether the ALJ's Finding that Plaintiff Does Not Suffer From a Severe Impairment Is Supported by Substantial Evidence.

Plaintiff contends that he is disabled due to a congenital neck deformity, which he has had since birth. (Dkt. No. 26 at 1-2.) Additionally, Plaintiff claims to have several mental disabilities (depression, auditory hallucinations, and schizophrenia) for which he is taking medication. (Dkt. No. 26 at 2.) The ALJ found that Plaintiff had a congenital neck deformity, but did not find that Plaintiff's neck deformity significantly limited his ability to perform basic work-related activities. (Tr. 20.) Additionally, the ALJ agreed with the consultative psychologist, Dr. Abeles, that Plaintiff's alleged mental problems did not cause any limitations and that there was no medically determinable impairment. (Tr. 24.)

To be sure, the threshold for a finding of severity at step two of the sequential analysis is quite low. *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). An impairment is not severe if it does not significantly limit an individual's physical or mental ability to perform basic work related functions. 20 C.F.R. § 416.921(a). Basic work activities related to physical impairments include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. 20 C.F.R. § 416.921(b)(1). Basic work activities related to mental impairments include: (1) understanding, carrying out, and remembering simple instructions; (2) use of judgment; (3) responding appropriately to supervision, co-workers and usual work situations; and (4) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b)(3)-(6). However, it is Plaintiff's burden to present evidence of any claimed impairment or any combination of impairments. *Jones*, 190 F.3d at 1228. Moreover, a claimant's subjective complaints cannot establish disability alone; the record must include medical signs and findings which show the existence of a medical impairment which, when considered with all the other evidence, would lead to a conclusion that the claimant was disabled. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(a), 416.929(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991).

Here, the ALJ did not err in finding that Plaintiff did not suffer from a severe impairment. Regarding Plaintiff's alleged physical impairments, the ALJ placed significant

11

weight on the consultative evaluations of Dr. Chodosh and the opinion of a reviewing State Agency expert. (Tr. 24.) Dr. Chodosh examined Plaintiff on two occasions, and each time he opined that Plaintiff could see, hear, and speak normally. (Tr. 112, 118.) Additionally, Dr. Chodosh found that Plaintiff could walk, sit, and stand normally; bend, lift, carry, squat, kneel, and crawl; handle objects of size and weight appropriate for his size, age, and bone structure; and comprehend and follow directions, and relate normally to others. (*Id.*) Dr. Chodosh noted that Plaintiff had limited motion in his neck, but otherwise found that there was no other obvious spinal deformity. (Tr. 110, 111, 116, 117.) Dr. Chodosh further stated that Plaintiff's behavior during the examinations was abnormal, which he interpreted as malingering. (Tr. 111, 118.)

The opinion of the reviewing State Agency examiner also supports the ALJ's conclusion. Dr. Jamison, "who had the bulk of the evidence from the treating sources and consultative examiners," found no exertional limitations were appropriate based on his review of the record. (Tr. 24, 120-127.)

The only evidence supporting Plaintiff's claims of disablement relating to his physical impairments are his own subjective complaints, and a Health/Slip Pass from the Florida Department of Corrections in mid-2007, that stated Plaintiff was to have a low/bottom bunk, did not have to shave, and was not required to lift more than ten pounds. (Tr. 249, 263-264.) The ALJ found that the limitations found in the Pass were likely allowed based on Plaintiff's subjective complaints and lacked any correlating objective medical evidence. (Tr. 24.) Indeed, the Court's review of the record reveals that the Pass was apparently issued due to Plaintiff's complaints of foot pain. (Tr. 249, 263-264.) With respect to Plaintiff's subjective complaints,

as stated above those complaints alone cannot establish a disability. Additionally, the ALJ noted that multiple records revealed that Plaintiff was malingering and was poorly cooperative. (Tr. 22.) Thus, because the objective medical evidence of record supports the ALJ's finding that Plaintiff did not suffer from a severe physical impairment, the Court finds the ALJ's decision is supported by substantial evidence.

Regarding Plaintiff's alleged mental impairments, the ALJ placed significant weight on the consultative evaluation of Dr. Abeles and the opinions of a reviewing State Agency expert. (Tr. 24.) Dr. Abeles examined Plaintiff and found that he was uncooperative and malingering. (Tr. 108.) Dr. Abeles noted that Plaintiff ambulated normally without a cane (contrary to his use of a cane during his visits to Dr. Chodosh), repeated every question which she asked, and was extremely evasive during the examination. (*Id.*) Thus, Dr. Abeles found that Plaintiff's overall demeanor and presentation was consistent with malingering. (*Id.*)

The opinion of a reviewing State Agency examiner also supports the ALJ's conclusion. Dr. Vergara, who also had access to the "bulk of the evidence from the treating sources and consultative examiners," found no mental determinable impairment, citing Plaintiff's malingering. (Tr. 24, 128-140.)

Additionally, while Plaintiff reported to Florida Department of Corrections psychiatrists in 2005 that he attempted suicide, and suffered from hallucinations and schizophrenia, Dr. Nguyen later stated that Plaintiff had "used mental health" in an attempt to reduce his sentence. (Tr. 23, 314-322.) As the ALJ noted, records from 2005 and 2007 show Plaintiff was merely diagnosed with polysubstance dependency and dysthymia, his depression was in remission, and

he was given a Global Assessment of Functioning score of 65 which indicates only mild symptoms of difficulty in social, occupational, or school functioning. (Tr. 23, 313, 314, 318.) Furthermore, Plaintiff was described as being oriented to all spheres, coherent, and goal directed. (Tr. 313, 314.) Moreover, he denied suicidal and homicidal ideation, and denied hallucinations. (Tr. 313, 314.)

The only evidence arguably supporting Plaintiff's claims of disablement relating to his mental impairments are his own subjective complaints, and a medical assessment of ability to do work-related activities completed by ARNP White from Meridian Behavioral Healthcare, dated February 17, 2004. (Tr. 143-145.) ARNP White filled out a questionnaire indicating that Plaintiff had moderate to extreme limitations with respect to Plaintiff's ability to make occupational, performance, and personal-social adjustments. (*Id.*) As an initial matter, the ALJ correctly noted that ARNP White is not among the acceptable sources of medical evidence which can be used to establish the existence of a medically determinable impairment. *See* SSR 06-03p (*citing* 20 C.F.R. §§ 404.1513(a), 416.913(a)). The ALJ considered ARNP White's opinion, but gave it little weight because it was inconsistent with the medical evidence of record described above. The Court finds that the ALJ properly discounted her opinion as it was inconsistent with the medical record as discussed herein. With respect to Plaintiff's subjective complaints, as stated above, the ALJ noted that multiple records revealed the opinion that Plaintiff was malingering and was poorly cooperative. (Tr. 22.) Additionally, the Court notes that based on its review of the record many of Plaintiff's own statements were inconsistent with his claims of

disablement due to his mental impairments.[5] Thus, the ALJ's determination that Plaintiff did not suffer from a severe mental impairment is also supported by substantial evidence.

Given the record as a whole, the ALJ properly determined that Plaintiff did not have a severe impairment. Plaintiff failed to meet his burden of proving that his condition interfered with his ability to perform basic work activities. *See Jones*, 190 F.3d at 1228. The ALJ properly considered the objective medical evidence and Plaintiff's subjective complaints in arriving at his decision. The Court finds that there was substantial evidence to support the ALJ's finding that Plaintiff did not suffer from a severe impairment. Therefore, the ALJ did not err in concluding that Plaintiff was not disabled.

**V.    Conclusion.**

For the foregoing reasons, it is **RECOMMENDED**:

(1)    Plaintiff's "Motion to Verify Mental Health Prescriptions and Mental Health Treatment" (Dkt. No. 31), which the Court construes as a Motion for Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Dkt. No. 15) be **DENIED**;

(2)    that the decision of the Commissioner of the United States Social Security Administration be **AFFIRMED** because it is in accordance with the correct legal standards and is otherwise supported by substantial evidence; and

---

[5] For example, the Court notes that Plaintiff stated he went to church regularly, drove, socialized with friends, got along with the public and people in authority, and reported that he had no problems with concentrating or following instructions. (Tr. 85-87, 357-58.)

15

  (3) the Clerk be directed to enter Judgment in favor of the Defendant and to close the file.

**IT IS SO REPORTED** at Tampa, Florida this 16th day of August, 2010.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

**Copies furnished to:**

Honorable Steven D. Merryday

*Pro se* Plaintiff

Counsel of Record